Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| COBRA ACQUISITIONS, LLC<br><br>Demandante-Peticionaria<br><br>v.<br><br>MUNICIPIO DE YABUCOA, AUTORIDAD DE ENERGÍA ELÉCTRICA<br><br>Demandados-Recurridos | TA2026CE00709 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.: SJ2019CV08733 (906)<br><br>Sobre: Arbitrios de Construcción |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de junio de 2026.

El Tribunal de Primera Instancia ("TPI") denegó una solicitud para enmendar una demanda, sobre impugnación de la autoridad de un municipio para cobrar a la parte demandante arbitrios de construcción, con el fin de añadir unas causas de acción sobre un supuesto "*taking* inconstitucional" y "violación al debido proceso de ley en el cómputo de los arbitrios de construcción". Según se explica a continuación, no procede nuestra intervención con lo actuado por el TPI, pues se trata de una determinación razonable que de forma alguna configura el tipo de situación extrema que justificaría que nos apartemos de la norma general de no revisar este tipo de determinación interlocutoria.

I.

En agosto de 2019, Cobra Acquisitions, LLC ("Cobra" o la "Peticionaria"), presentó la acción de referencia, sobre sentencia declaratoria (la "Demanda"), en contra del Municipio de Yabucoa (el "Municipio"), la Autoridad de Energía Eléctrica ("AEE") y el Estado Libre Asociado de Puerto Rico (ELA). En esencia, sostuvo que el

Municipio no tenía **autoridad** para imponerle un arbitrio de construcción en atención a que la AEE estaba exenta del mismo.

Cobra alegó que, luego del paso del huracán María, la AEE le contrató para realizar trabajos relacionados con la red eléctrica, lo cual incluyó trabajos en el Municipio. El 20 de marzo de 2018, Cobra recibió una carta del Municipio en la cual se le indicó que procedía el cobro de un 5% por concepto de arbitrios de construcción.

Luego de un requerimiento de información del Municipio relacionado con las facturas por trabajos realizados, el 14 de noviembre de 2018, el Municipio le envió a Cobra una *Notificación Preliminar de Deficiencia-Arbitrios de Construcción.* Por estimar los trabajos de Cobra en el Municipio en $400,000,000.00, el Municipio le reclamó a Cobra el pago de un 7% de arbitrios, ascendentes a un total de $28,000,000.00. Ante la falta de pago por parte de Cobra, el 11 de enero de 2019, el Municipio le remitió una *Notificación Final de Deficiencia de Arbitrios de Construcción* y le instruyó de su derecho de revisión judicial.

Luego de la celebración de una vista en la Oficina del Director de Finanzas del Municipio, según solicitado por Cobra, el 5 de agosto de 2019, el Municipio le cursó a Cobra otra *Notificación Final de Deficiencia de Arbitrios de Construcción.* El Municipio aseveró que la actividad de construcción tributable ascendía a $178,451,578.50, por lo que procedía aplicar un arbitrio de 7%, equivalente a un total de $12,491,610.50. Destacamos que el Municipio le advirtió a Cobra que, en virtud del Artículo 2.007(e) de la entonces vigente Ley de Municipios Autónomos, 21 LPRA ant. sec. 4057(e), **era un requisito jurisdiccional efectuar el pago de la deficiencia notificada como condición para impugnar la determinación final del Municipio**.

Cobra no pagó la deficiencia; en vez, optó por presentar la Demanda.

El Municipio solicitó la desestimación de la Demanda; arguyó que Cobra, al no haber pagado la deuda bajo protesta, estaba impedido de impugnar judicialmente la misma. Sostuvo que la exención de la AEE no beneficiaba a Cobra.

Oportunamente, Cobra se opuso a la solicitud de desestimación del Municipio. Insistió en que sí le era aplicable la exención de la cual disfruta la AEE y que no tenía que agotar remedios administrativos debido a que no impugnaba la cuantía del arbitrio, sino la facultad del Municipio para imponerlo.

En marzo de 2020, el TPI denegó la moción de desestimación del Municipio, al razonar que no es necesario agotar remedios cuando se impugna la autoridad de un municipio para imponer arbitrios en conexión con obras por encargo de la AEE.

Inconforme, el Municipio presentó un recurso de *certiorari* ante este Tribunal (KLCE202000440). Mediante una Sentencia del 28 de enero de 2021, otro panel de este Tribunal expidió el auto de *certiorari* y desestimó la Demanda.

No conteste con dicha determinación, Cobra presentó un recurso ante el Tribunal Supremo de Puerto Rico (AC-2021-0035). Mediante una Opinión (la "Opinión del TSPR"), el Tribunal Supremo revocó la referida Sentencia de este Tribunal. *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022).

En síntesis, el Tribunal Supremo concluyó que, cuando se cuestiona la autoridad de un municipio para cobrar un arbitrio de construcción, no es necesario agotar remedios administrativos. *Cobra Acquisitions*, 210 DPR a la pág. 387. Además, el Tribunal Supremo dictaminó lo siguiente:

> ...[S]i el foro primario concluyera que el Municipio puede cobrar el tributo y que Cobra es considerado un contribuyente para fines del arbitrio, correspondería, en

segundo lugar, examinar si se agotaron los remedios administrativos. **Como en este caso Cobra incumplió con el trámite administrativo —específicamente el pago de la deficiencia notificada para poder impugnar la cuantía— procedería desestimar el pleito**. Solo así se podrá atender cabalmente la demanda que se incoó. *Cobra Acquisitions*, 210 DPR a la pág. 402. (Énfasis provisto).

Luego de varios trámites, el 31 de marzo de 2026, Cobra instó una *Moción en Solicitud de Enmienda a la Demanda* (la "Moción"). Ello con el fin de añadir dos (2) causas de acción a la Demanda. Primero, afirma que la imposición de arbitrios de construcción era una incautación o "taking" inválido y, segundo, sostiene que hubo una violación al debido proceso de ley en el cómputo de los arbitrios de construcción.

Específicamente, Cobra asevera que "la imposición de arbitrios de construcción por parte del Municipio ... configura un *taking* inconstitucional". Además, aduce que las notificaciones de deficiencia del Municipio no "detalla[n] la base legal específica ni el método de cómputo utilizado para determinar la cuantía reclamada".

El Municipio se opuso a la Moción; planteó que la misma era tardía, pues se presentó seis (6) años después de iniciado el pleito y dos (2) años después de la presentación de mociones dispositivas sometidas para adjudicación. Añadió que no se había explicado por qué Cobra no incorporó estas causas de acción cuando presentó inicialmente la Demanda. Subrayó que, según dispuesto en la Opinión del TSPR, si el TPI determinaba que el Municipio tenía la autoridad para imponer el tributo en controversia, procedería la desestimación de la Demanda por no haberse agotado remedios administrativos.

Mediante una Resolución notificada el 21 de abril (la "Resolución"), el TPI denegó la Moción.

El 6 de mayo, Cobra solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante una *Orden* notificada el 6 de mayo.

El 3 de junio, Cobra interpuso el recurso que nos ocupa; formula el siguiente señalamiento de error:

> Erró y abusó de su discreción el Tribunal de Primera Instancia, al denegar la enmienda a la Demanda, pues la enmienda propuesta no introduce hechos nuevos, no altera la naturaleza del pleito, no causa perjuicio indebido al Municipio ni dilata los procedimientos, sino que únicamente articula teorías jurídicas adicionales subsumidas en el mismo núcleo fáctico de la Demanda original.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders, et al v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Medina Nazario*, 194 DPR en la pág. 729; *IG Builders*, 185 DPR en la pág. 338; *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*. Al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de

decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. [...]

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

En primer término, concluimos que estamos impedidos de revisar la Resolución. Se trata de un asunto no contemplado entre aquellos supuestos en los que la Regla 52.1 de las de Procedimiento Civil, *supra,* permite la intervención de este Tribunal para revisar una decisión interlocutoria del TPI por la vía de una petición de *certiorari.* No estamos ante una situación en la que esperar a la etapa de apelación pudiese generar un fracaso irremediable de la justicia.

En segundo lugar, aun partiendo de la premisa de que tuviésemos autoridad para revisar la Resolución en esta etapa, de todas maneras, determinaríamos, en el ejercicio de nuestra discreción, guiada por los criterios reglamentarios arriba citados, no expedir el auto solicitado.  Veamos.

El TPI no cometió error de derecho alguno, ni abusó de su discreción, al denegar la Moción.  Al contrario, de conformidad con lo establecido en la Opinión del TSPR, es correcta la determinación del TPI, pues las causas de acción que se pretenden incorporar no proceden.  Como allí se señaló, el TPI debe examinar primero "si el Municipio tiene la autoridad para imponerle a Cobra el tributo.  De resolverse que el Municipio no tiene la autoridad, sería innecesario" atender las pretendidas causas de acción. *Cobra Acquisitions, supra,* 210 DPR a las págs. 401-402.  Por su parte, si el TPI "concluyera que el Municipio puede cobrar el tributo y que Cobra es considerado un contribuyente para fines del arbitrio", "[c]omo en este caso Cobra incumplió con el trámite administrativo", "procedería desestimar el pleito".  *Íd.* a la pág. 402.

En cualquier caso, la causa de acción sobre un supuesto "taking", como cuestión de derecho, es patentemente inmeritoria de su faz.  La otra causa de acción formula planteamientos que debieron formar parte de una impugnación administrativa a la cual Cobra renunció al no haber cumplido con el requisito de pagar la deficiencia notificada.  Más aún, Cobra ni siquiera ha intentado explicar por qué demoró más de seis años en intentar incorporar estas causas de acción a la Demanda.

Finalmente, subrayamos que la norma general es que este Tribunal no intervendrá en el manejo de un caso por el TPI.  *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *Meléndez v. Caribbean Intl. News,* 151 DPR 649, 664 (2000); *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992).  El TPI tiene amplia

discreción al respecto y solo procederá nuestra intervención cuando medien circunstancias extraordinarias, lo cual no ocurre aquí. *Rebollo López v. Gil Bonar*, 148 DPR 673, 678 (1999); *García v. Asociación*, 165 DPR 311, 322 (2005).

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones